The Honorable Donald L. Parker, Chair Craighead County Election Commission c/o Mixon, Parker Hurst, P.L.C. 505 Union, P.O. Box 1442 Jonesboro, AR 72403
Dear Chairman Parker:
I am writing in response to your request for my opinion on a question regarding what you describe as "two offices in Craighead County which have historically been elected by popular vote." You report the following background information:
 It has been the practice in Craighead County to elect a deputy sheriff and a deputy circuit clerk from the Eastern District of Craighead County. Two years ago, an issue arose concerning a candidate who lost the election for deputy sheriff in the primary, and then ran as an independent in the general election. At that time, our research revealed that the offices of deputy sheriff and deputy circuit clerk were not authorized by Arkansas law as elected positions. To the contrary, we discovered that Arkansas law requires that these two positions are to be appointed by the Craighead County Sheriff and Craighead County Circuit Clerk, respectively. Apparently, it has been the practice in most years for the Sheriff and Circuit Clerk to appoint whomever received the most votes in the general election.
 As an Election Commission, it is our belief that these two positions should not appear on the ballot unless the Arkansas legislature authorizes their creation by statute and gives the voters of the Eastern District of Craighead County the right to popularly elect the deputy sheriff and deputy circuit clerk.
Against this backdrop, you have posed the following question:
 Are the offices of deputy sheriff and deputy circuit clerk for the Eastern District of Craighead County authorized by Arkansas law to be popularly elected positions by the registered voters of the Eastern District of Craighead County, Arkansas?
RESPONSE
In my opinion, the answer to your question is "no."
In Ark. Op. Att'y Gen. No. 97-049, my immediate predecessor noted: "As an elected official of the county, the sheriff has the authority to hire and fire his or her employees. See Ark. Const. Amend. 55, § 3; Op. Att'y Gen. No. 87-312; A.C.A. § 14-14-805(2) (1987)." In Ark. Op. Att'y Gen. No. 91-263, he further offered the following observations regarding the constitutionally mandated procedure for appointing the deputies of any elected county official:
 Amendment 55, §§ 4 and 5 to the Arkansas Constitution and A.C.A. § 14-14-801 (1987) authorize the quorum court of each county to fix, by ordinance, the number and compensation of deputies and county employees, as well as the compensation of county officers. While these provisions would appear to authorize the quorum court to create the position of deputy coroner and fix the compensation, they would not appear to authorize that body to actually appoint an individual to the position. See Att'y Gen. Op. No. 87-312, relating to the appointment of deputy sheriffs, a copy of which is attached. The power to actually select or appoint a deputy coroner would appear to reside in the county coroner as the elected executive officer. Id. Assuming, then, that a specific appropriation of the quorum court exists for the position, see A.C.A. § 14-14-1203(a) (1987), and that the county coroner follows established employment procedures of the quorum court in doing so, it is my opinion that he may appoint a person to serve as deputy coroner. See also Venhaus v. Adams, 295 Ark. 606, 752 S.W.2d 20 (1988).
As these excerpts suggest, as a matter of constitutional law, it is the role of the quorum court to determine the number and compensation of all county deputies, including deputy sheriffs and deputy clerks, and it is the role of the elected official, following any requisite appropriations by the quorum court, to fill the authorized positions by appointment.See Ark. Op. Att'y Gen. No. 87-312 (opining that the sheriff, as an elected executive officer, has the sole power to designate his deputies, although the quorum court, as a legislative entity, may fix their number and compensation). In accordance with these principles, I offered the following analysis in Ark. Op. Att'y Gen. No. 99-033:
 [S]tate law differentiates between employees and elected officials. See A.C.A. § 14-14-805(2). In the context of this type of dichotomy, deputy sheriffs are clearly employees rather than elected officials.
Nothing in either the Arkansas Constitution or the Code even remotely suggests that the Eastern District of Craighead County might by mere custom simply transform appointive into elective offices. Nor does either the Constitution or the Code support conducting what amounts to an advisory plebiscite, whereby the voters of the Eastern District of Craighead County are afforded an opportunity to express preferences that the ultimately responsible executive officials are expected to honor in making their appointments. On the contrary, A.C.A. § 7-5-207(a) expressly prohibits conducting any such advisory elections, providing in pertinent part:
 All election ballots provided by the county board of election commissioners of any county in this state for any election shall contain in the proper place the name of every candidate whose nomination for any office to be filled at that election has been certified to the county board. . . .
(Emphasis added.) As noted above, deputies are appointed by the executive officers they serve, and their positions consequently could not possibly be filled by election — a conclusion the Craighead County Sheriff and Circuit Clerk have in the past apparently recognized by ratifying through appointment the election results for their deputies. In short, then, I completely agree with your conclusion that the positions of deputy sheriff and deputy circuit clerk should not appear on the ballot without prior legislative authorization.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh